

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-0176-18

---

**THE STATE OF TEXAS**

**v.**

**JOSE RUIZ, Appellee**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRTEENTH COURT OF APPEALS GONZALES COUNTY

---

**KELLER, P.J.,** filed a concurring and dissenting opinion in which **SLAUGHTER., J., joined.**

The Court addresses whether statutorily-imposed implied consent to a blood draw is a valid waiver of a suspect's Fourth Amendment rights when the suspect is unconscious and unable to refuse consent. The Court answers that question "no." The Court then remands this case to the court of appeals for consideration of whether exigent circumstances existed in light of the Supreme Court's recent opinion in *Mitchell v. Wisconsin.*[1]

---

[1] *Mitchell v. Wisconsin*, 2019 WL 2619471 (2019).

I.

In *Mitchell*, a plurality of the Supreme Court concluded that, when a driver is unconscious and unable to take a breath test, the exigent circumstances rule "almost always permits a blood test without a warrant."[2]  Providing the fifth vote, Justice Thomas concurred because he would apply a *per se* rule that exigent circumstances exist in a police encounter with a person suspected of drunk driving, regardless of whether the driver is conscious.[3]

Because the court of appeals has not had the benefit of *Mitchell*, and resolution of the case in light of *Mitchell* might make consideration of the implied-consent issue unnecessary, I would not address implied consent at this time.  I would instead remand to the court of appeals for reconsideration in light of *Mitchell.*

II.

There is another reason to eschew an analysis of implied consent.  The Court acknowledges that Appellee gave his implied consent to a blood draw when he drove on the Texas roadways.  By statute, "A person who is dead, unconscious, or otherwise incapable of refusal is considered not to have withdrawn [implied consent]."[4]  Appellee was unconscious at the time his blood was drawn. By the terms of § 724.014, therefore, he is not considered to have withdrawn his consent.  The Court's holding that the Fourth Amendment was violated by the blood draw in this case seems to necessarily mean that § 724.014 is itself unconstitutional.  I would avoid getting into the

---

[2] *Id.* at *3 (plurality op.).

[3] *Id.* at *9 (Thomas, J., concurring).

[4] TEX. TRANSP. CODE § 724.014.

constitutionality of the statute by refraining from addressing implied consent.[5]

The Court says that the ability to limit or revoke consent is a necessary element of a valid consent. But I think that that may be true only when the type of consent at issue is unilateral and non-contractual, where the defendant has no obligation to consent and where no consequences attach to the withdrawal of consent, for example, when a person consents to police searching his car. The Supreme Court cases that the Court cites regarding a defendant's capacity for self-determination involve that sort of consent.

The implied consent at issue in this case is different: it is contractual. In exchange for the privilege of driving on Texas roads, a driver impliedly consents to a blood draw under certain circumstances. That consent can be withdrawn, but there are consequences to a withdrawal: the suspension of the person's driver's license for 180 days.[6] This type of consent is not subject to an unqualified right to revoke; the right to revoke is qualified by this consequence. A person agrees to certain limits on his self-determination when he contractually consents by driving on Texas roads. By statute, one of those limits is that withdrawing consent results in a driver's license suspension. Another limit, by statute, is that consent is not withdrawn when the person is unconscious and incapable of volitionally withdrawing consent. If we say that implied consent is not valid for an unconscious person, that person would avoid carrying out his end of his bargain with the State, i.e., having his driver's license suspended. That is one reason I would say that the unconscious person

---

[5] *See Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006) (explaining that the Supreme Court and state courts have recognized "the desirability of avoiding the adjudication of constitutional issues when at all possible").

[6] TEX. TRANSP. CODE § 724.035(a)(1). Other consequences attach if the person did not have a driver's license or has had two or more alcohol-related or drug-related enforcement contacts within the past ten years. *See id.* §724.035(a)(2), (b).

does not withdraw consent. Arguably, that gives effect to the last volitional choice the person did make—impliedly consenting by choosing to drive on Texas roads. The Court's opinion, however, would give the unconscious person an arguably unwarranted advantage that the conscious person does not have—the withdrawal of consent without consequences.

I concur in the Court's decision to remand for further proceedings in light of *Mitchell* but dissent to the Court's resolution of the implied-consent issue.

Filed: September 11, 2019

Publish